UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00044-MOC-DSC

| | |
|---|---|
| **ERIC MCGHIE, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **TRUSTEE SERVICES OF THE CAROLINAS** ) | |
| **SUBSTITUTE TRUSTEE, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the pro se Plaintiff's "Verified Motion for an Ex Parte Temporary Restraining Order and a Preliminary Injunction…" (#28). Having considered the motion and reviewed the pleadings, the court will deny the motion.

Plaintiff makes his motion for both a preliminary injunction and a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65. Plaintiff has not filed a certificate of service certifying that Defendants have been served with the motion, so the court will consider the motion solely as one for a TRO.[1]

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] A preliminary injunction may only be issued after notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

-1-

Id. The court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). In addition, "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (quoting MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001)). In evaluating a request for a TRO, the Court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). In assessing such factors, Plaintiffs must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in his favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The court has closely read the Amended Complaint (#27), the documents attached, and the arguments stated in the instant motion. The court finds that Plaintiff's Motion fails to make the required showing. It appears that in essence, Plaintiff asks this court to restrain Defendants from acting on a foreclosure judgment in a civil action entered by the Superior Court of Mecklenburg County in December 2015, though the Amended Complaint also asserts various constitutional violations allegedly committed by Defendants. Aside from the fact that the court likely lacks subject matter jurisdiction over this action in its entirety, as Plaintiff appears to

challenge the decision of a state court in this federal district court—an issue to be addressed by the magistrate judge[2] by Memorandum and Recommendation—the court finds that Plaintiff has not satisfied the requirement of showing immediate and irreparable injury, loss, or damage. Plaintiff asks the court to enter an order staying all foreclosure proceedings and preventing any action that will jeopardize ownership of the property relevant in this action. By way of showing irreparable harm, Plaintiff's Motion simply states that if a TRO is not granted, there will be a "fraud upon the court" and that the harm to him will be "irreparable." The court cannot grant the extraordinary relief of a TRO based upon such vague and fanciful statements. The court finds that on the evidence before it, Plaintiff's allegations of irreparable harm are insufficient.

Even if the court were to assume that foreclosure of the property amounts to irreparable harm, Plaintiff has failed to demonstrate that he would likely succeed on the merits at trial, that the balance of harm weighs in his favor, or that a restraining order would be in the public interest. Having considered these factors and the record before it in the light most favorable to the pro se Plaintiff, the court does not find any reason to use the extraordinary remedy of a TRO here. The court therefore enters the following Order.

---

2 After Defendants' Motions to Dismiss (##19, 21) became ripe for review by the magistrate judge on April 4, 2016, Plaintiff filed an Amended Complaint (#27) on April 21 and the instant Motion for TRO on April 22. The court notes that the Amended Complaint appears to be identical to the original Complaint (#1). While the court has not conducted a review of the complaint under the lens of Fed. R. Civ. P. 12(b), the court notes that "foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question.")).

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Verified Motion for an Ex Parte Temporary Restraining Order and a Preliminary Injunction…" (#28) is **DENIED**.

Signed: April 29, 2016

Max O. Cogburn Jr
United States District Judge