**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:16-CV-44-MOC-DSC**

| | |
|---|---|
| ERIC MCGHIE et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TRUSTEE SERVICES OF THE | ) |
| CAROLINAS SUBSTITUTE TRUSTEE, | ) |
| LLC et. al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. Defendants Select Portfolio Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to Dismiss … Complaint …" (document #19);

2. Defendants "Trustee Services of Carolina LLC, Brock & Scott PLLC, Devin Chidester, and Sarah Banks' Motion to Dismiss" (document #21);

3. Defendants "Trustee Services of Carolina LLC, Brock & Scott PLLC, Devin Chidester, and Sarah Banks' Motion to Dismiss Amended Complaint" (document #30);

4. Defendants Select Portfolio Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to Strike … Amended

1

Complaint …" (document #32);

5. Defendants Select Portfolio Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to … Dismiss … Amended Complaint …" (document #33);

6. Pro se Plaintiffs' "Motion to Ammend [Sic] Complaint" (document #36); as well as the parties' associated briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will deny Plaintiffs' Motion to Amend and grant Defendants' Motion to Strike. The undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit is similar to numerous others filed in this Court purporting to appeal a foreclosure order entered in state court. The Court takes judicial notice of the public records referenced in Plaintiff's filings and attached to Defendants' Motions and briefs. On October 31, 2006, Plaintiff Eric McGhie signed an Adjustable Rate Note in the amount of $393,100.00 (the "Note") to First Franklin, a Division of National City Bank ("First Franklin"). Plaintiffs Eric McGhie and his wife Shirley McGhie signed a Deed of Trust dated October 31, 2006 that secured the loan amount of $393,100.00 on the Property. (the "Deed of Trust"). First Franklin is named as the lender.

On May 1, 2009, Plaintiffs entered into a Modification Agreement Adding Cosigner.

Plaintiffs were required to pay monthly payments pursuant to the modified Note and Deed of Trust.

Through a series of indorsements and transfers, U.S. Bank National Association, as trustee for registered holders of First Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 ("U.S. Bank") became the current holder of the Note.

Plaintiffs subsequently defaulted under the terms of the Note and Deed of Trust. Foreclosure proceedings began in 2015. On December 16, 2015, a Foreclosure Order was entered in Mecklenburg County Superior Court.

The Property was sold at a foreclosure sale and no upset bids were submitted.

On January 27, 2016, Plaintiffs filed a nearly incomprehensible Complaint based upon the notion that they are entitled to "an order striking … motion to foreclose" in the state court proceeding. Document #1 at 1.

On January 29, 2016, the Substitute Trustee, Trustee Services of Carolina, LLC conveyed the property to the highest bidder.

On March 17 and 18, 2016, Defendants filed their initial Motions to Dismiss" (documents ##19 and 21).

On April 11, 2016, Plaintiff Eric McGhie's "Amended Motion to Vacate Judgement allege Fraud on the Court Rights Violations Under Deed of Trust Motion to Vacate Judgement, Set Aside Sale Due to Lack of Jurisdiction and Violating Constitutional and Statutorily Required Notice" [sic] ("Plaintiff's Motion to Vacate") and U.S. Bank's Motion for Rule 11 sanctions and a gatekeeper order were heard in Mecklenburg County Superior Court.

On April 21, 2016, the state court <u>denied</u> Plaintiff's Motion to Vacate. The Court also entered an Order sanctioning Plaintiff Eric McGhie for his repeated frivolous filings in the

3

Foreclosure Proceeding. Plaintiff was ordered to pay U.S. Bank's attorneys' fees and prohibited from filing any documents with the Mecklenburg County Clerk of Court absent a certification by a licensed attorney.

That same day, Plaintiffs filed their Amended Complaint (document #27).

On April 22, 2016, Plaintiffs filed a "Motion for Temporary Restraining Order and Preliminary Injunction" (document #28), which was denied by District Judge Max O. Cogburn, Jr. on April 29, 2016. See "Order" (document #29). Judge Cogburn "note[d] that the Amended Complaint appears to be identical to the original Complaint." Id. at 3. Judge Cogburn also "note[d] that foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Id. (citing Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question."))).

On May 5, 2016, Defendants filed their respective Motions to Strike and Dismiss the Amended Complaint.

On June 10, 2016, Plaintiffs filed their Motion to Amend, attaching an Amended Complaint that appears indistinguishable from their previous Complaints.

The parties' Motions are now ripe for disposition.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

4

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiffs' Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the Foreclosure Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiffs' action here.

District Courts have denied motions to amend complaints where an amendment would be futile. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Plaintiffs' proposed Second Amended Complaint does not address the deficiencies of their prior pleadings. An amendment would be futile.

**ORDER**

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Ammend [Sic] Complaint" (document #36) is **DENIED**.

2. Defendants Select Portfolio Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to Strike … Amended Complaint [document #27] …" (document #32) is **GRANTED.** The Amended Complaint (document #27) is **STRICKEN**.

3. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants Select Portfolio Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to Dismiss … Complaint …" (document #19); Defendants "Trustee Services of Carolina LLC, Brock & Scott PLLC, Devin Chidester, and Sarah Banks' Motion to Dismiss" (document #21); Defendants "Trustee Services of Carolina LLC, Brock & Scott PLLC, Devin Chidester, and Sarah Banks' Motion to Dismiss Amended Complaint" (document #30); and Defendants Select Portfolio

Services Inc., First Franklin Mortgage Loan Trust, Mortgage Electronic Registration Systems, U.S. Bank National Association, Bank of America, First Franklin Mortgage, First Franklin Loan Service, and John T. Benjamin Jr.'s "Motion to … Dismiss … Amended Complaint …" (document #33) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: July 12, 2016

David S. Cayer
United States Magistrate Judge