UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00044-MOC-DSC

| | | |
|---|---|---|
| SHIRLEY MCGHIE | ) | |
| ERIC MCGHIE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SARAH E. BANKS | ) | |
| TRUSTEE SERVICES OF THE CAROLINAS | ) | |
| SUBSTITUTE TRUSTEE, LLC | ) | |
| SELECT PORTFOLLIO SERVICE, INC. | ) | |
| FIRST FRANKLIN MORTGAGE LOAN TRUST | ) | |
| MORTGAGE LOAN TRUST | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEM, INC. | ) | |
| JOHN T. BENJAMIN | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| BROCK & SCOTT, PLLC | ) | |
| BANK OF AMERICA | ) | |
| FIRST FRANKLIN MORTGAGE | ) | |
| FIRST FRANKLIN LOAN SERVICES | ) | |
| DEVIN CHIDESTER, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file Objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Rather than file Objections as advised, pro se plaintiffs filed what they styled as a "Motion for Leave of Court to File Suit" (#43) in which they seek permission from this federal court to file an action in the North Carolina General Court of Justice. The court has considered this to be not just a Motion to Amend, but also an Objection.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make

1

a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Defendants moved to dismiss arguing that plaintiffs had failed to state a cognizable claim. As have many other *pro se* plaintiffs in recent years, plaintiffs attempted to launch a collateral attack in this court on foreclosure proceedings that were either before or had been determined by the North Carolina General Court of Justice. Such a collateral attack is, as Judge Cayer accurately explained in his Memorandum and Recommendation, barred by the *Rooker-Feldman* doctrine, which prohibits actions attacking state-court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). The court has closely reviewed the Complaint and the pleadings and determined that such Complaint violates the *Rooker-Feldman* doctrine as it seeks to overturn the determinations of a state court. This court

simply does not sit as a court of appeal from decisions issued by state courts, which have their own appellate systems. Judge Cayer's determinations, which accurately reflect the allegations of plaintiffs and being fully consistent with current case law, will be affirmed after *de novo* review. Givens v. Homecomings Fin., 278 Fed. Appx. 607, at *2 (6th Cir.2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, at *2 (6th Cir.2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); Done v. Wells Fargo Bank, N.A., No. 08–cv–3040 (JFB)(ETB), 2009 WL 2959619, at *3–5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the *Rooker–Feldman* doctrine," and was alternatively barred by claim preclusion and collateral estoppel); Burlinson v. Wells Fargo Bank, N.A., Civil No. 08–cv–01274–REB–MEH, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker–Feldman*").

To the extent plaintiffs' Objection calls into question Judge Cayer's non-dispositive resolution of plaintiffs' Motion to Amend their Complaint, the court finds such determination to be neither clearly erroneous nor contrary to law. Even if such determination was subject to *de*

3

*novo* review, this court concludes as did Judge Cayer that amendment would be futile as even with the proposed revisions to the Complaint, it too would be dismissed under the *Rooker-Feldman* doctrine as it would improperly ask this court to review and upset the decision of the state court in the foreclosure proceedings. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Finally, the court has given full consideration to plaintiffs' Motion for Leave of Court to File Suit. *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994). Reading this pleading as both an Objection and a Motion, it appears through liberal construction that plaintiffs are asking that the dismissal by this court be "without prejudice" so that they can refile it in state court. Rule 41(b), Federal Rules of Civil Procedure, provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011). Here, the dismissal is not under Rule 12(b)(2), but under Rule 12(b)(6), and as provided in Rule 41(b), such a Rule 12(b)(6) dismissal is presumptively with prejudice. Review of plaintiffs' Objection and Motion does not provide any basis for overcoming that presumption. Dismissal with prejudice is both fair and equitable when, as here, an action is improperly brought in federal court that is intended to derail, delay, or frustrate foreclosure proceedings in a state court. McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action

4

of real property ... suggests the presence of a federal question"). To the extent plaintiffs have asked this court to enable refiling this vexatious litigation in state court by making the dismissal one without prejudice, that request will be denied.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' Motion for Leave of Court to File Suit (#43), deemed to be both a Motion and an Objection, are, respectively, **DENIED** and **OVERRULED;**

(2) the Memorandum and Recommendation (#42) is, after *de novo* review, **AFFIRMED;**

**(3)** the Motions to Dismiss (#s 19, 21, 30, & 33) are **GRANTED;**

**(4)** the Order (#42) denying the Motion to Amend is, after review for clear error and after further *de novo* review, is **AFFIRMED;** and

(5) this action is **DISMISSED WITH PREJUDICE**.

Signed: September 13, 2016

Max O. Cogburn Jr
United States District Judge